UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
ASHLAND

| | | |
|---|---|---|
| DONNA LEIGH YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil. No.: 0:22-cv-00023-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SSA, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

**\*\*\*  \*\*\*  \*\*\*  \*\*\***

Plaintiff Donna Young seeks judicial review of an administrative decision in which her claim for supplemental security income was denied.  Ms. Young brings this action pursuant to 42 U.S.C § 405(g) and 1383(c)(3).  The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Ms. Young's Motion for Summary Judgment [R. 12] and **GRANT** the Commissioner's.  [R. 14.]

**I**

In November 2018, ALJ Maria Hodges denied Plaintiff Donna Young's initial request for Title XVI Social Security Income based on alleged disability beginning in July 2016.  [Tr. at 58, 62.]  Upon review of Ms. Young's medical conditions, ALJ Hodges found her unable to perform any past relevant work but "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  [Tr. at 68.]  As a result, ALJ Hodges concluded that Ms. Young was not disabled.  [Tr. at 68.]  In May 2019, Ms. Young filed a new application for SSI alleging disability beginning that same month.  [Tr. at 219-24.]  ALJ H. Munday subsequently concluded, as ALJ Hodge's had before, that despite Ms. Young's limitations, she could still perform available work in the national economy.  [Tr. 112, 124.]  Ms.

Young then sought reconsideration and exhausted her remedies before the Commissioner.  [Tr. at 1-5, 12-54; Tr. at 124.]  She now seeks judicial review of her second denial of benefits.

## II

To evaluate a claim of disability under Title XVI, an ALJ conducts a five-step analysis. First, if a claimant is doing substantial gainful activity, he is not disabled.  *See* 20 C.F.R. § 416.920(a).  If the individual is not engaged in substantial gainful activity, the analysis moves to the second step.  Second, if a claimant does not have a severe medically determinable impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she is not disabled. *See* 20 C.F.R. § 416.920(c).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  *See* 20 C.F.R. § 416.920(d); 20 C.F.R. § 416.925; 20 C.F.R. § 416.926.  Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual.  *See* 20 C.F.R. § 416.920(e); 20 C.F.R. § 416.945.

Fourth, an ALJ considers a claimant's RFC and past relevant work, and if the claimant is still able to do her past relevant work, she is not disabled.  *See* 20 C.F.R. § 416.920(f).  Fifth, if an ALJ assesses a claimant's RFC in conjunction with his age, education, and work experience and finds that the claimant cannot adjust to other work available in significant numbers in the national economy, then the claimant is disabled.  *See* 20 C.F.R. § 416.920(g); 20 C.F.R. § 416.912; 20 C.F.R. § 416.960(c).  Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the

fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); 20 C.F.R. § 416.912(a)(1).  At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving her lack of residual functional capacity.  *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008); 20 C.F.R. § 416.912(b)(3).

The Court's review of an ALJ's determination is generally limited to whether there is substantial evidence in the record to support the ALJ's decision.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987).  "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)).  The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983)).  A reviewing court, however, may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); see also *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**A**

In this matter, Ms. Young only takes issue with ALJ Munday's determination of her RFC. While ALJ Munday found Ms. Young unable to perform her prior work, he concluded that, despite her limitations, she could still perform available work in the national economy. [Tr. at 112, 124.] Ms. Young first argues that ALJ Munday improperly deemed ALJ Hodge's 2018 denial of her benefits to be res judicata. [*See* R. 12 at 4-5.] In support of her position, Ms. Young argues that "Judge Munday assessed virtually the same RFC as ALJ Hodges, with a few insignificant changes. The medical evidence of record supports, at most, a sedentary RFC." [R. 12 at 5.] She then argues that because "she was fifty-one years old, defined by SSA as 'closely approaching advanced age,'" she should have been deemed to have a sedentary RFC. *Id.* The Commissioner argues in opposition that ALJ Munday "appropriately gave the record the 'fresh look' required [by case law]" and that, "while she gave considerable weight to the limitations identified in the November 2018 decision, she adopted a slightly more restrictive RFC based on her own review of the record." [R. 14 at 3-4.]

The Commissioner is correct. Res judicata in the disability benefits context applies "[i]f an individual, say, files a second application for the same period of time finally rejected by the first application and offers no cognizable explanation for revisiting the first decision […]." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018) (citing 20 C.F.R. § 404.957(c)(1)). But "[w]hen an individual seeks disability benefits for a distinct period of time,

4

each application is entitled to review." *Id.*; *see also Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) ("Res judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994.").  It is evident that ALJ Munday conducted a fresh review of Ms. Young's claim of disability beginning in May 2019 and concluded that she was still able to perform available work.  [Tr. 102-04, 394.] Though ALJ Munday "considered" ALJ Hodge's earlier decision, she did not adopt it in full as res judicata.  [*See* Tr. at 102 ("alj decision […] in 11/18 adopted current evidences [*sic*] considered but did not lower further.").]  And ALJ Munday's review of Ms. Young's prior denial does not constitute error.  *Earley*, 893 F.3d at 934 ("A later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making.").  As a result, Ms. Young is warranted no relief.

**B**

Ms. Young next argues that ALJ Munday's RFC assessment was not based on substantial evidence because ALJ Munday failed to consider the progression of her degenerative disc disease.  [*See* R. 12 at 4.]  In her determination, ALJ Munday indicated that "the current record contained new and material evidence showing a slight worsening of the claimant's DDD as noted on imagining studies that support slightly more restrictive postural limitations" as compared to the evidence available in 2018 for review by ALJ Hodges.  [Tr. at 28.]  As a result, ALJ Munday decided to "give[] [Ms. Young] the benefit of the doubt" by continuing to include a limitation found by ALJ Hodges that she questioned; the ALJ also "g[ave] [Ms. Young] the benefit of the doubt by including more restrictive postural restrictions."  [Tr. at 29.]  Now, Ms. Young argues that ALJ Munday erred in her RFC determination analysis because she misunderstood ALJ Hodges's prior opinion, on which she substantially relied, to have taken into consideration the

presence of her degenerate disc disease.  [*See* R. 12 at 5.]  Though Ms. Young's argument is not expressed clearly, her contention appears to be that the similarity between the two ALJs' determinations demonstrates that ALJ Munday assumed that ALJ Hodges had understood the severity of her back-related ailments in calculating her RFC in 2018, that ALJ Munday relied on ALJ Hodges's RFC calculation in her 2019 determination, and that this reliance caused an incorrect determination of RFC because her ailments had worsened since 2018.  *See id.*

   In opposition, the Commissioner explains that ALJ Hodges's 2018 decision "included sciatica as a severe impairment and considered similar complaints of radiating back pain."  [R. 14 at 4 (citing Tr. at 60, 63).]  But the Commissioner contends that, while it is clear that ALJ Munday reviewed ALJ Hodges's 2018 determination, it is also evident that ALJ Munday considered the worsening of Ms. Young's back problems and the existence of her post-2018 DDD diagnosis in her RFC calculation.  [R. 14 at 4-5 (citing Tr. at 28-29).]

   The Court agrees with the Commissioner.  "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip,* 25 F.3d at 286 (internal citations omitted).  ALJ Munday's analysis in this matter is detailed and is based on substantial evidence.  Though her analysis is similar to ALJ Hodges's prior decision, this similarity is to be expected because ALJ Munday's review occurred less than a year after ALJ Hodges's review.  And, despite the similarity between the two determinations, ALJ Munday conducted her own independent review.  Though Ms. Young disagrees with ALJ Munday's determination, this Court is not conducting a *de novo* review.

### III

Upon review of this matter, the Court concludes that the ALJ did not commit reversable error.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Donna Young's Motion for Summary Judgment **[R. 12]** is **DENIED**,

2. The Commissioner's Motion for Summary Judgment **[R. 14]** is **GRANTED**;

3. Judgment in favor of the Commissioner will be entered promptly.


This the 16th day of September, 2022.


Gregory F. Van Tatenhove
United States District Judge